Filed 11/26/25  P. v. Kelley CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHAD CHRISTOPHER KELLEY,<br><br>Defendant and Appellant. | F088964<br><br>(Super. Ct. No. F24901551)<br><br>**OPINION** |

THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Mark E. Cullers, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Levy, J. and Meehan, J.

**<u>INTRODUCTION</u>**

Appellant and defendant Chad Christopher Kelley (appellant) was charged with two felony offenses. At the arraignment, the trial court declared a doubt as to his competency and suspended criminal proceedings pursuant to Penal Code[1] section 1368. The expert's report stated appellant was not competent to stand trial, and the court committed appellant to the State Department of State Hospitals.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529. Appellant did not file a supplemental brief on his own behalf. We affirm.

**<u>PROCEDURAL HISTORY</u>**

On March 1, 2024, a complaint was filed in Fresno County Superior Court case No. F24901551 charging appellant with committing the following felony offenses on or about February 28, 2024: count 1, elder or dependent adult abuse (§ 368, subd. (b)(1)), and count 2, criminal threats (§ 422).

On March 4, 2024, appellant pleaded not guilty. On defense counsel's motion, the trial court declared a doubt as to appellant's competency, suspended criminal proceedings pursuant to section 1368, and appointed an expert to examine appellant. The court served appellant with a criminal protective order only permitting peaceful contact with the victim pending further order of the court (§ 136.2), and he was released on his own recognizance.

On April 15, 2024, appellant failed to appear, and the trial court issued a bench warrant for his arrest.

---

[1] All further statutory citations are to the Penal Code.

On May 23, 2024, appellant appeared in court. The court again suspended proceedings, re-referred him for the expert evaluation, and released him on his own recognizance.

On August 12, 2024, appellant failed to appear, and the trial court issued a no-bail bench warrant.

On September 9, 2024, the trial court convened a hearing to review the expert's report. Appellant was present and in custody. The court found appellant was not competent, and referred the matter to Forensic Mental Health for a placement recommendation pursuant to section 1370.

On October 21, 2024, the trial court reviewed the placement recommendation and committed appellant to the State Department of State Hospitals for treatment pursuant to section 1370, and set review hearings.

On November 14, 2024, appellant filed a timely notice of appeal from the trial court's order.

## DISCUSSION

As noted above, appellate counsel filed a brief with this court pursuant to *Ben C.* and requested independent review. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court.

On July 22, 2025, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. This court's letter was returned as undeliverable. Appellate counsel advised this court that she did not have an address for him. After additional attempts, the letters were again returned as undeliverable.

We have exercised our inherent discretion to retain the appeal and conduct an independent review. (*Conservatorship of Ben C.*, *supra*, 40 Cal.4th at p. 544 & fns. 6, 7; *People v. Blanchard* (2019) 43 Cal.App.5th 1020, 1025–1026.) Our review reveals no arguable issues. Appellant was represented by counsel at all times in these proceedings.

3.

The trial court's finding that appellant was incompetent to stand trial is supported by substantial evidence, and the court's commitment order is authorized by law.

## **DISPOSITION**

The trial court's commitment order is affirmed.